Statement.

# Richmond.

BLAKEMORE'S ADMINISTRATOR AND OTHERS V. ROLLER AND OTHERS.

March 10. 1910.

1. JUDICIAL SALES—*Confirmation—Excessive Quantity—Objection—Laches.*—If parties to a suit know or ought to know that a tract of land designated in the record and the decree for sale as the "ten-acre tract" in fact contains thirteen acres, and permit it to be sold as ten acres, and the sale confirmed without objection, they cannot thereafter hold the purchaser liable for the excess, as for a sale by the acre merely because the tract was spoken of as the ten-acre tract, in the absence of any evidence of fraud, misrepresentation or mistake as to the quantity sold, or of any belief on the part of the purchaser at the time of sale that the boundary contained any more than was represented.

2. JUDICIAL SALES—*Confirmation—Variation in Quantity of Land—Reservations After Confirmation.*—No increase or abatement of the pruchase price of land sold at a judicial sale will be permitted for excess or deficiency in quantity after a confirmation of such sale, except in cases of fraud, misrepresentation, or mutual mistake. After such confirmation, a reservation in a subsequent decree for a deed to the purchaser of the right to proceed against him for excess in quantity of the land sold is ineffectual to affect the rights of such purchaser.

Appeal from a decree of the Circuit Court of Rockingham county on a demurrer to a petition filed in the cause of *Cline* v. *Blakemore.* Decree for defendants. Petitioners appeal.

*Affirmed.*

The opinion states the case.

*Roller & Martz* and *D. O. Dechert,* for the appellants.

*John E. Roller,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This case was heard in the trial court upon a demurrer to a petition filed by the appellants in the cause of *Cline* v. *Blakemore* and the causes heard therewith. The grounds of demurrer assigned were that the papers and proceedings in the causes in which the petition was filed show that the petitioners had no interest in the fund sought to be recovered, and that the "petition does not contain any matter of equity whereon said court can ground any decree or give the plaintiffs any relief against this defendant."

The court sustained the demurrer upon the last-named ground and dismissed the petition. From that decree this appeal was taken.

The petition and the proceedings in the causes in which it was filed show that a lien debtor in the causes owned, among other lands, a tract of nineteen acres. Off of this tract had been sold about six acres, and on ten acres of the undivided residue he gave a deed of trust to secure a debt due a building association. Afterwards on the whole of the remnant he gave another deed of trust to secure a debt due the petitioners and those whom they represent. A decree was subsequently entered for the sale of the tract described as the ten-acre tract, but which tract, as the proceedings show and as is admitted in the petition of the appellants, was the remnant of the nineteen-acre parcel, and contained, as appeared from a subsequent survey, something over thirteen acres. This parcel of land was sold to R. H. Sites by the commissioners of the court for the lump sum of $1,030, one-fourth cash and the residue on time. The sale was reported to the court and confirmed at the October term, 1898. Subsequent to the confirmation of said sale John E. Roller, the appellee, acquired Sites' interest in the land. At the August term, 1901, upon the application of Roller, there was a decree for the survey

of the land, and afterwards a report showing that the tract sold contained over thirteen acres. At the April term, 1903, the surveyor's report was confirmed, the decree declaring that Roller had paid all the purchase price and was entitled to a deed, and directed a deed to be made to him, "but without prejudice to the right of the parties in interest, by subsequent proceedings in the cause, to assert a liability on said John E. Roller for the excess in the quantity of the land purchased by him as aforesaid."

The contention of the appellants is that, as the "ten-acre tract" purchased by Sites and assigned to Roller was sold for ten acres when in fact it contained over thirteen (being, as they claim, a sale by the acre and not in gross), they are entitled to recover from Roller the sum of $384.97, the value of the land in excess of ten acres. There is no charge in the petition that there was any fraud, misrepresentation or mistake as to the quantity of land sold. There is nothing in the record to show that when Sites purchased all the parties to the record did not know, or by examination of the record could not have known, that the "ten-acre tract" was the residue of the nineteen-acre tract. Especially would this fact have been known to the appellants since William H. Blakemore, one of them, and C. H. Blakemore, the intestate of the other appellant, were former owners of the said nineteen-acre parcel, and the debt which they are now asserting was secured by a deed of trust upon it.

The record, as before stated, shows that the remnant of the nineteen-acre tract not alienated by Coyner was directed to be and was sold to Sites.

It being a judicial sale, as was said by Judge Burks in *Long v. Weller,* 29 Gratt. 347, 353, "the records of the court and the papers in the cause were the only reliable sources of information as to the property to be sold, the title, boundaries, etc." It was not only the duty of the purchasers to look to the records and papers in the causes to see what land they were purchasing, but it was the duty of the appellants who were parties to the suit

claiming an interest in the proceeds of sale to have informed themselves of what was being sold. The sale was for the lump sum of $1,030. That it was a sale by the acre and not in gross can only be inferred from the fact that it was spoken of or called the ten-acre tract.

There is nothing in the record to show that Sites, when he purchased from the court, or that Roller, when he purchased from Sites, did not believe that the tract did contain more than ten acres, and the appellants and those they represent, from their connection with the land and the suit, must have known it. Having this knowledge, if they wished to assert a claim against Sites that he should pay more for the land than the lump sum he bid for the property, they should have made known their claim before the confirmation of the sale. Having permitted the sale to be confirmed at the price offered by Sites when they knew, or ought to have known, that the "ten-acre parcel" contained more than ten acres, they have lost their equity, as the trial court properly said, if they ever had any.

The reservation in the decree directing a deed to be made to Roller could not enlarge the rights of the appellants. It seems to be settled law in this State that an increase or an abatement of the purchase price of land sold at a judicial sale will not be permitted for excess or deficiency in quantity after a confirmation of such sale, except in cases of after-discovered fraud, misrepresentation or mutual mistake. See *Watson* v. *Hoy,* 28 Gratt. 698, and cases cited; *Long* v. *Weller,* 29 Gratt. 347, and cases cited; *McComb* v. *Gilkerson, ante,* p. 406, 66 S. E. 77.

We are of opinion that there is no error in the decree complained of, and that it should be affirmed.

*Affirmed.*